UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
SHEILA MCMILLAN,

    Plaintiff,

  -against-

DEPARTMENT OF BUILDINGS,

    Defendant.
----------------------------------------------------------x
VITALIANO, United States District Judge.

**MEMORANDUM AND ORDER**
12-CV-318 (ENV)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ APR 26 2012 ★
BROOKLYN OFFICE

  Plaintiff Sheila McMillan files this action *pro se* pursuant to 28 U.S.C. § 1331.[1] The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), and for the reasons discussed below, dismisses the complaint for lack of subject matter jurisdiction.

## BACKGROUND

  Plaintiff states that on July 5, 2011, she and her son were illegally evicted by defendant based on defendant's determination that they were living in an illegally-converted apartment. Compl. at 2. Plaintiff further states that on August 12, 2011, defendant re-inspected the apartment and found that it was in fact a legal apartment. See Vacate Re-inspection Form annexed to Complaint. Plaintiff argues that defendant has put her and her son "through a living hell," causing them medical problems. Compl. at 4. Plaintiff seeks $25 million in damages. Compl. at 1.

## STANDARD OF REVIEW

  It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings

---

[1] Plaintiff's son, Dashawn Thomas, filed an identical complaint on the same day, which was dismissed for lack of subject matter jurisdiction. See Thomas v. Dept. of Bldgs, 12-CV-319 (WFK).

1



drafted by attorneys and the Court is required to read plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## DISCUSSION

Federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986); Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). Lack of subject matter jurisdiction cannot be waived and may be raised at any time by any party or by the Court *sua sponte*. Bender, 475 U.S. at 541.

The basic statutory grants of subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006). Section 1331 provides federal question jurisdiction and section 1332 provides jurisdiction based on diversity of citizenship. Id. Moreover, "[t]he party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009) (quoting Sharkey v. Quarantine, 541 F.3d 75, 82 (2d Cir. 2008)) (internal quotation marks omitted). Here, plaintiff alleges federal question jurisdiction pursuant to 28 U.S.C. §1331. "A plaintiff properly invokes §

2

1331 jurisdiction when [she] pleads a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh, 546 U.S. at 513 (citing Bell v. Hood, 327 U.S. 678, 681-85 (1946)). Plaintiff's complaint fails to present a federal question.

There is an absence of well-pleaded facts suggesting the existence of a colorable federal claim. Wrongful eviction claims, whether for a temporary or final eviction, are state law claims, and this Court lacks subject matter jurisdiction over them. See Southerland v. N.Y. City Hous. Auth., No. 10-CV-5243, 2011 WL 73387, at *2 (E.D.N.Y. Jan. 7, 2011) (dismissing wrongful eviction claim against the New York City Housing Authority because federal courts do not have subject matter jurisdiction over landlord-tenant matters); Oliver v. N.Y. City Hous. Auth., No. 10-CV-3204, 2011 WL 839110, at *3 (E.D.N.Y. Mar. 2, 2011) ("federal courts do not have subject matter jurisdiction over state eviction actions or other landlord-tenant matters") Gotland v. Margules, No.05 Civ. 5639, 2005 WL 1981568, at *1 (S.D.N.Y. Aug. 17, 2005) ("federal courts do not have federal question subject matter jurisdiction over state residential landlord-tenant matters."). Put another way, the complaint raises issues that are within the subject matter jurisdiction of the state court. Although this Court is sympathetic to plaintiff's situation, it lacks jurisdiction to adjudicate this case.[2]

Finally, the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 16 § 396. Thus, the New York City Department of Buildings, which is a city

---

[2] In addition, diversity jurisdiction is lacking because both parties are citizens of New York. Compl. at 1.

3

agency, is not a suable entity. Kneitel v. Hynes, No. 11-CV-2883, 2011 WL 2747668, at *2 (E.D.N.Y. July 13, 2011) (citing Conte v. County of Nassau, No. 06-CV-4746, 2008 WL 905879, at *1 n.2 (E.D.N.Y. Mar. 31, 2008)).

## CONCLUSION

Accordingly, plaintiff's complaint is dismissed for lack of subject matter jurisdiction, Fed.R.Civ.P. 12(h)(3). The dismissal is without prejudice to plaintiff's commencing an appropriate action or proceeding against the City of New York in a state court with appropriate jurisdiction.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
April 16, 2012